**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

**PHILLIP BRYAN HARRIS,**

**Plaintiff,** **Case No.:**

v.

**EQUIFAX INFORMATION SERVICES, LLC,**

**Defendant.**

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, **Phillip Bryan Harris** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **Equifax Information Services, LLC** ("Equifax"), and states the following:

**PRELIMINARY STATEMENT**

1. This is an action for damages, exclusive of attorney's fees and costs, brought by Plaintiff against Defendant Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Equifax is a consumer reporting agency doing business in Georgia and is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in Dougherty County, Georgia, within this District.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Georgia, residing in Dougherty County, Georgia.

6. Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

7. Defendant Equifax is a Georgia Limited Liability Company, with a principal business address of 1550 Peachtree St NW, Atlanta, GA 30309.

8. Equifax is registered to conduct business in the State of Georgia, where its Registered Agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

9. Equifax is a nationwide "consumer reporting agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiff's July 2026 Consumer Disclosure

10. On or about August 06, 2026, Plaintiff obtained a copy of his consumer credit report from Equifax, bearing Confirmation # 6218577755.

11. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his

request, with the limited exception that his Social Security number could be truncated upon request.

12. Equifax provided an electronic copy of Plaintiff's *Consumer Disclosure* ("Equifax's Disclosure") to him.

**Equifax's Disclosure Was Not Complete, Clear, or Accurate**

**Missing Original Creditor**

13. Despite the requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant information contained in Plaintiff's credit file.

14. Equifax's Disclosure listed four (4) accounts classified as a "Debt Buyer Account," all reported by LVNV Funding LLC, care of Resurgent Capital Services, L.P. **SEE EXHIBIT A.**

15. LVNV Funding LLC is a Debt Buyer – a company whose primary purpose is the purchase and collection of debts originally owed to third parties.

16. Debt buyers do not lend to consumers and are never an Original Creditor.

17. Despite this, Equifax's Disclosure failed to identify or disclose the name of the true Original Creditor for any of the four (4) Debt Buyer Account tradelines.

18. Absent the Original Creditor's name for each tradeline, Plaintiff was left unable to determine what the accounts represented or verify them against his own records.

**Missing Account Number**

19. In addition to omitting the Original Creditor name, Equifax's Disclosure omitted the full account numbers relating to all four Debt Buyer Account tradelines, disclosing only the last four digits of each account number: LVNV Funding LLC (*9944, *6985, *1593, and *5913). **SEE EXHIBIT A.**

20. Upon information and belief, the data furnisher reported the full account number belonging to the account to Equifax, and this information was contained within Equifax's file regarding Plaintiff at the time of his request.

21. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers and names of original creditors are included in its reports.

22. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

23. Having a duty to disclose all of the information regarding the accounts in Plaintiff's file, Equifax breached its duty by failing to provide the account numbers and Original Creditor names for the four Debt Buyer Account tradelines, information necessary for a consumer to research and evaluate the information contained in his credit file.

24. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

25. The failure to disclose full account numbers and Original Creditor names violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

26. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty

Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied."

27. The lack of accurate, full information caused Plaintiff great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

28. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE EXHIBIT B.**

29. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Equifax, states that: "The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports. Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original.) **SEE EXHIBIT C.**

*30.* The Credit Reporting Resource Guide instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

31. On information and belief, LVNV Funding LLC complied with the Credit Reporting Resource Guide and reported the names of the true original creditors of its reported accounts to Equifax.

**<u>Prevalence of Equifax Errors</u>**

32. Upon information and belief, Equifax's Disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

33. Upon information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

34. Upon information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

35. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

36. Thus, every consumer with a Debt Buyer Account tradeline who requested their disclosure from Equifax through annualcreditreport.com since the template's use began likely received a consumer disclosure with the same errors as Plaintiff's.

37. Equifax's error has therefore likely affected thousands of consumers.

38. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. See, e.g., Justin Purdy v. Equifax Information Services LLC, Case No. 8:19-cv-00217 (M.D. Fla. Jan. 28, 2019).

39. Equifax's knowing and repeated conduct warrants an award of punitive damages.

40. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by Defendant's desire to avoid costs and increase profits.

41. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

42. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived his of this right.

43. Plaintiff has hired the undersigned counsel to represent his in this matter and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT 1

## EQUIFAX WILLFUL VIOLATIONS OF THE FCRA

44. Plaintiff adopts and incorporates paragraphs 1–43 as if fully stated herein.

45. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed four (4) Debt Buyer Account tradelines reported by LVNV Funding LLC without disclosing the full account numbers or the names of the Original Creditors, even though the full account numbers and Original Creditor names were available and reported by the data furnisher.

46. Equifax knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

47. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff, respectfully requests this Court to enter judgment against Defendant Equifax, awarding Plaintiff the following relief:

a. The greater of Plaintiff's actual damages and statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief that this Court deems just and proper.

## COUNT 2

## EQUIFAX NEGLIGENT VIOLATIONS OF THE FCRA

48. Plaintiff adopts and incorporates paragraphs 1–43 as if fully stated herein.

49. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed four (4) Debt Buyer Account tradelines reported by LVNV Funding LLC without disclosing the full account numbers or the names of the Original Creditors, even though the full account numbers and Original Creditor names were available and reported by the data furnisher.

50. Equifax has a legal duty to provide consumers with a clear and accurate disclosure of all information within its file at the time of the consumer's request.

51. Equifax breached this duty when it disclosed the accounts reported by LVNV Funding LLC without disclosing the full account numbers or the names of the Original Creditors, even though the full account numbers and Original Creditor names were reported by the data furnisher.

**WHEREFORE**, Plaintiff, respectfully requests this Court to enter judgment against Defendant Equifax, awarding Plaintiff the following relief:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

52. Plaintiff hereby demands a trial by jury on all issues so triable.

Date: This august 29th, 2026.

Respectfully Submitted,

*/s/ Esther Oise, Esq.*
Esther Oise, Esq.
Bar No. 686342
Attorney for Plaintiff
Oise Law Group PC
2635 Governors Walk Blvd
Snellville, GA 30078
Phone: (770) 895-3736
Fax: (980) 265-8981
oiselaw@gmail.com

**ATTACHED EXHIBIT LIST**

A. Plaintiff's Equifax Credit Report dated August 06, 2026, LVNV Funding LLC Debt Buyer Account tradelines.

B. FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000).

C. Credit Reporting Resource Guide, Original Creditor Name Excerpt.

# EXHIBIT A

Prepared for:
**PHILLIP BRYAN HARRIS**

EQUIFAX

Date: August 06, 2026
Confirmation # 6218577755

## LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, SC 29602 | (866) 464-1183
Date Reported: **07/07/2026** | Balance: **$643**
Account Number: ***9944** | Owner: **Individual Account**
Credit Limit: - | High Credit: **$643**
Loan/Account Type: **Debt Buyer Account** | Status: -

Date Opened: **03/31/2025**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: -
Date of Last Payment: -
Term Duration: -

Date of 1st Delinquency: **05/05/2023**
Date Major Delinquency 1st Reported: **01/06/2026**
Amount Past Due: **$643**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: -
Months Reviewed: **12**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 057**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | C | - | - | - | - | - | - |
| 2025 | - | - | - | - | - | C | C | C | C | C | C | C |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 06/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 05/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 04/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 03/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 02/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 01/26 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 12/25 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 11/25 | $643 | - | - | - | $643 | $643 | - | 022, 057 |
| 10/25 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 09/25 | $643 | - | - | - | $643 | $643 | - | 166, 057 |
| 08/25 | $643 | - | - | - | $643 | $643 | - | 057 |
| 07/25 | $643 | - | - | - | $643 | $643 | - | 057 |
| 06/25 | $643 | - | - | - | $643 | $643 | - | 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 022 | Consumer Disputes - Reinvestigation in Process |
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

Prepared for:
**PHILLIP BRYAN HARRIS**

EQUIFAX

Date: August 06, 2026
Confirmation # 6218577755

## LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, SC 29602 | (866) 464-1183
Date Reported: **07/07/2026** | Balance: **$758**
Account Number: ***6985** | Owner: **Individual Account**
Credit Limit: **$0** | High Credit: **$758**
Loan/Account Type: **Debt Buyer Account** | Status: -

Date Opened: **09/28/2023**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: -
Date of Last Payment: -
Term Duration: -

Date of 1st Delinquency: **04/09/2023**
Date Major Delinquency 1st Reported: **01/06/2026**
Amount Past Due: **$758**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: -
Months Reviewed: **24**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 057**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | C | - | - | - | - | - | - |
| 2025 | - | - | C | C | C | C | C | C | C | C | C | C |
| 2024 | - | - | - | - | C | C | C | C | C | - | C | - |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 06/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 05/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 04/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 03/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 02/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 01/26 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 12/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 11/25 | $758 | - | - | - | $758 | $758 | $0 | 022, 057 |
| 10/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 09/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 08/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 07/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 06/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 05/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 04/25 | $758 | - | - | - | $758 | $758 | $0 | 166, 057 |
| 03/25 | $758 | $0 | $0 | - | $758 | $758 | $0 | 166, 057 |
| 02/25 | $758 | $0 | $0 | - | $758 | $758 | $0 | 022, 057 |
| 12/24 | $758 | - | - | - | - | $758 | $0 | - |
| 11/24 | $758 | $0 | $0 | - | - | $758 | $0 | - |
| 10/24 | - | - | - | - | - | $758 | - | - |
| 09/24 | $758 | - | - | - | - | $758 | - | - |
| 08/24 | $758 | - | - | - | - | $758 | - | - |

| Narrative Code | Narrative Code Description |
|---|---|
| 022 | Consumer Disputes - Reinvestigation in Process |
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

Prepared for:
**PHILLIP BRYAN HARRIS**

EQUIFAX

Date: August 06, 2026
Confirmation # 6218577755

## LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, SC 29602 | (866) 464-1183
Date Reported: **07/07/2026** | Balance: **$286**
Account Number: ***1593** | Owner: **Individual Account**
Credit Limit: - | High Credit: **$286**
Loan/Account Type: **Debt Buyer Account** | Status: -

Date Opened: **03/31/2025**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: -
Date of Last Payment: -
Term Duration: -

Date of 1st Delinquency: **04/18/2023**
Date Major Delinquency 1st Reported: **01/06/2026**
Amount Past Due: **$286**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: -
Months Reviewed: **12**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 057**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | C | - | - | - | - | - | - |
| 2025 | - | - | - | - | - | C | C | C | C | C | C | C |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 06/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 05/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 04/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 03/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 02/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 01/26 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 12/25 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 11/25 | $286 | - | - | - | $286 | $286 | - | 022, 057 |
| 10/25 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 09/25 | $286 | - | - | - | $286 | $286 | - | 166, 057 |
| 08/25 | $286 | - | - | - | $286 | $286 | - | 057 |
| 07/25 | $286 | - | - | - | $286 | $286 | - | 057 |
| 06/25 | $286 | - | - | - | $286 | $286 | - | 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 022 | Consumer Disputes - Reinvestigation in Process |
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

Prepared for:
**PHILLIP BRYAN HARRIS**

EQUIFAX

Date: August 06, 2026
Confirmation # 6218577755

## LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, SC 29602 | (866) 464-1183
Date Reported: **07/07/2026** | Balance: **$1,249**
Account Number: ***5913** | Owner: **Individual Account**
Credit Limit: **$0** | High Credit: **$1,239**
Loan/Account Type: **Debt Buyer Account** | Status: -

Date Opened: **11/19/2024**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: -
Date of Last Payment: -
Term Duration: -

Date of 1st Delinquency: **04/07/2024**
Date Major Delinquency 1st Reported: **01/06/2026**
Amount Past Due: **$1,249**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: -
Months Reviewed: **16**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 057**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | C | C | C | - | - | - | - | - | - |
| 2025 | C | - | C | C | C | C | C | C | C | C | C | C |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 06/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 05/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 04/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 03/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 02/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 01/26 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 12/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 11/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 022, 057 |
| 10/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 09/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 08/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 07/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 06/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 05/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 04/25 | $1,239 | - | - | - | $1,239 | $1,239 | $0 | 166, 057 |
| 03/25 | $1,239 | $0 | $0 | - | $1,239 | $1,239 | $0 | 166, 057 |
| 02/25 | - | $0 | $0 | - | - | $1,239 | $0 | 022, 057 |
| 01/25 | $1,239 | - | - | - | $1,239 | $1,239 | - | 022, 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 022 | Consumer Disputes - Reinvestigation in Process |
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

# EXHIBIT B

FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# EXHIBIT C

# Record Layouts

## K1 Segment
## Original Creditor Name

| FIELD | FIELD NAME | REQUIRED[1] | LENGTH | POSITION | RECORDING TECHNIQUE[2] | DESCRIPTION PAGE NUMBER[3] |
|---|---|---|---|---|---|---|
| 1 | Segment Identifier | Y | 2 | 1-2 | AN | 4-39 |
| 2 | Original Creditor Name | Y | 30 | 3-32 | AN | 4-40 |
| 3 | Creditor Classification | Y | 2 | 33-34 | N | 4-41 |

Total
34

## K2 Segment
## Purchased From/Sold To

| FIELD | FIELD NAME | REQUIRED[1] | LENGTH | POSITION | RECORDING TECHNIQUE[2] | DESCRIPTION PAGE NUMBER[3] |
|---|---|---|---|---|---|---|
| 1 | Segment Identifier | Y | 2 | 1-2 | AN | 4-42 |
| 2 | Purchased From/Sold To Indicator | Y | 1 | 3 | N | 4-42 |
| 3 | Purchased From or Sold To Name | Y | 30 | 4-33 | AN | 4-42 |
| 4 | Reserved | | 1 | 34 | AN | 4-42 |

Total
34